UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

BARBARA DIANNE JOHNSON,                )
                                       )
        Plaintiff,                     )
                                       )
vs.                                    )    Civil Action No. CV-97-S-2500-NE
                                       )
FIRE INSURANCE EXCHANGE, a             )
Mutual Insurance Co., d/b/a            )
FARMERS INSURANCE CO.; MILTON          )
C. EVERS; and EVERS &                  )    ENTERED
ASSOCIATES, INC.,                      )
                                       )    DEC 3 0 1997
        Defendants.                    )
                                       )

## MEMORANDUM OPINION

Plaintiff's home in Gurley, Alabama, burned on November 19, 1996. After the fire, the home was uninhabitable, and plaintiff was forced to find another place to live. The home was insured against fire and casualty loss by defendant Fire Insurance Exchange, a mutual insurance company doing business as "Farmers Insurance Company" (hereinafter, "FIE"),[1] pursuant to policy number F-0912257361. Defendants Milton C. Evers and Evers & Associates, Inc., of Huntsville, Alabama (hereinafter, "the Evers defendants"), were retained by FIE as independent claims adjusters. Plaintiff filed a claim using forms provided to her by the Evers defendants, but FIE has failed to pay that claim.

Plaintiff filed suit against FIE and the Evers defendants in the Circuit Court of Madison County on August 21, 1997, alleging breach of contract and negligence. Defendants removed the case to this court on September 19, 1997, asserting diversity jurisdiction.

_____

[1] FIE is domiciled in and organized under the laws of the state of California.

The matter now is before the court on plaintiff's motion to remand. Upon consideration of the motion, the pleadings and affidavits, this court concludes the motion is due to be granted.

## I. DISCUSSION

Federal courts are courts of limited jurisdiction. *E.g., Kokkonen v. Guardian Life Insurance Company of America*, 511 U.S. 375, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994); *Burns v. Windsor Insurance Co.*, 31 F.3d 1092 (11th Cir. 1994). As such, they have the power to hear only those cases authorized by Congress or by the Constitution. "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen*, 511 U.S. at 377, 114 S.Ct. at 1675 (citation omitted); *see also Burns*, 31 F.3d at 1095 ("in deciding a motion to remand where the plaintiff and defendant disagree on issues of jurisdiction, questions or doubts are to be resolved in favor of returning the matter to state court").

FIE contends this court has jurisdiction under the diversity statute. 28 U.S.C. § 1332. Although the statute does not specify complete diversity of citizenship, it has long been the rule that diversity jurisdiction requires all plaintiffs to be diverse from all defendants. *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806).

It is conceded that the Evers defendants are not diverse parties. Milton Evers resides in Decatur, Alabama, and the office

2

of his corporate entity, Evers & Associates, Inc., is located in Huntsville, Alabama. Instead, FIE argues that Evers and his firm have been fraudulently joined in order to prevent removal. If this is so, then the court may disregard the citizenship of the Evers defendants for purposes of determining jurisdiction. *Coker v. Amoco Oil Co.*, 709 F.2d 1433 (11th Cir. 1983).

Where a party alleges fraudulent joinder, that party bears the burden of proving its allegations by clear and convincing evidence. *Coker*, 709 F.2d at 1440; *Yawn v. Southern Railway Co.*, 591 F.2d 312, 316 (5th Cir.), *cert. denied*, 442 U.S. 934, 99 S.Ct. 2869, 61 L.Ed.2d 304 (1979).[2] Although the court properly looks to the complaint itself to determine whether or not there has been fraudulent joinder, the court may resort to additional submissions, such as deposition testimony and affidavits, when making its determination. *Coker*, 709 F.2d at 1440. All allegations and submissions must be viewed in the light most favorable to the plaintiff, who chose the state forum and opposes removal. *Id.* Thus, if there is even a possibility that a state court would find that plaintiff's complaint states a valid claim against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court. *Id.* at 1440-1441.

A review of plaintiff's complaint resolves the matter. Plaintiff alleges that

---

[2] In Bonner v. Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit held as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

3

Defendants Milton C. Evers and Evers & Associates, Inc.
were retained as independent claims adjuster by Fire
Insurance Exchange, ... and had or assumed a duty to the
plaintiff to properly adjust and investigate her
claims....  The Defendants negligently, recklessly,
willfully and/or wantonly failed to submit plaintiff's
claims to a proper cognitive review and evaluation and
failed to properly adjust and investigate plaintiff's
claims.  As a proximate result thereof, Defendants have
failed to pay plaintiff timely and she has sustained
damages of approximately $178,000, excluding interest and
costs, and Plaintiff continues to sustain damages for
living expenses and other damages.  The Defendants have
failed to pay plaintiff's claims, and defendants have
failed to provide the plaintiff with the privileges and
rights she is entitled to pursuant to her contract with
defendants and the laws of the state of Alabama.

(Complaint ¶ 3.)  That allegation states a negligence claim against
the Evers defendants based on their "fail[ure] to submit
plaintiff's claims ... and fail[ure] to properly adjust and
investigate plaintiff's claims."  (*Id.*)  Given the strong policy in
favor of remand, and the heavy burden that defendant must meet in
order to prove fraudulent joinder, the court finds that defendant
has not met its burden.

Alabama case law supports this conclusion.  "Although
plaintiff may be barred from recovering from defendant as a third
party beneficiary to defendant's contract with another, plaintiff
may nevertheless recover in negligence for defendant's breach of
duty where defendant negligently performs his contract with
knowledge that others are relying on proper performance and the
resulting harm is reasonably foreseeable."  *Williams v. Jackson
Co.*, 359 So. 2d 798 (Ala.Civ.App.), *cert. denied*, 359 So. 2d 801
(Ala. 1978); *see also E.C. Ernst, Inc. v. Manhattan Construction
Co. of Texas*, 551 F.2d 1026 (5th Cir. 1977), *cert. denied*, 434 U.S.

4

1067, 98 S.Ct. 1246, 55 L.Ed.2d 769 (1978).

Additionally, although the Evers defendants did not owe a contractual duty to plaintiff, Alabama courts recognize that a duty can arise when one person volunteers to act on behalf of another. *Berkel & Co. Contractors, Inc. v. Providence Hospital*, 454 So. 2d 496, 503 (Ala. 1983); *Rudolph v. First Southern Federal Savings & Loan Association*, 414 So. 2d 64, 67 (Ala. 1982); *Dailey v. City of Birmingham*, 378 So. 2d 728, 729 (Ala. 1979). This principle of law applies to insurance agents and insurance companies. *Palomar Insurance Corp. v. Guthrie*, 583 So. 2d 1304, 1306 (Ala. 1991) *(citing Barnes v. Liberty Mutual Insurance Co.*, 472 So. 2d 1041, 1042 (Ala. 1985); *United States Fidelity & Guaranty Co. v. Jones*, 356 So. 2d 596, 597-98 (Ala. 1978); *Waldon v. Commercial Bank*, 281 So. 2d 279 (1973)). Thus, in *Baldwin Mutual Insurance Co. v. Brantley*, 518 So. 2d 32 (Ala. 1987), the Alabama Supreme Court upheld a jury verdict finding an insurer and its agent liable for negligence in handling the insured's loss claim because "Baldwin Mutual undertook the task of helping [plaintiff] complete his claim for insurance proceeds, ... [yet sent agents who] ... sent out incomplete information, mailed things at a leisurely pace, and even mailed them to the wrong office." *Baldwin Mutual*, 518 So. 2d at 36.

Here, plaintiff alleges that when she reported her fire loss to FIE, the company sent Milton Evers to her door. Evers directed plaintiff to file her claim using forms he provided. He

5

represented to plaintiff that he was the claims adjuster for her loss, he took statements from her regarding her claim, and he helped her obtain $5,000 from FIE in partial satisfaction of her claims. Plaintiff submitted her claim to FIE through Evers. When told by FIE that she had used incorrect forms for her claim, new forms were provided to her by Evers. Those allegations, considered in the light most favorable to plaintiff and against the backdrop of the *Baldwin Mutual* decision, suggest more than a mere "possibility" that plaintiff can recover from the Evers defendants for negligence. Plaintiff's negligence claim is at least arguably valid, and resolving that argument is a matter best left to the state court.[3] Accordingly, the court finds that Evers and his firm have not been fraudulently joined, complete diversity does not exist, and remand of this action is proper.

For the foregoing reasons, plaintiff's motion to remand is due to be granted. An order consistent with this memorandum opinion shall be entered contemporaneously herewith.

DONE this **30th** day of December, 1997.

United States District Judge

---

[3] Defendants' reliance on Chavers v. National Security Fire & Casualty Co., 405 So. 2d 1 (Ala. 1981) is misplaced. *Chavers* is not directly applicable to determining whether plaintiff's negligence claim against the Evers defendants has any possibility of success. Although *Chavers* references the Court's prior rejection of "any cause of action based upon an insurer's negligence in handling direct claims," that dicta does not bar plaintiff's claim that the Evers defendants were negligent. The actual holding in *Chavers* has nothing to do with the negligence of an insurer's agent or adjuster in handling an insured's loss claim. *Id.* at 7.